UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
GUOPING MA and SIYUAN LIU,          )
                                    )    No. C07-122RSL
            Plaintiffs,             )
      v.                            )
                                    )    ORDER DENYING
ALBERTO R. GONZALES, *et al.*,      )    MOTION TO DISMISS
                                    )
            Defendants.             )
_____)

## I. INTRODUCTION

This matter comes before the Court on defendants' "Motion to Dismiss" (Dkt. #7). On January 26, 2007, plaintiffs, proceeding *pro se*, filed a complaint alleging that defendants have unreasonably delayed processing of their I-485 applications for adjustment of status. See Dkt. #1 (Plaintiffs' Complaint for Injunctive, Mandamus, and Declaratory Relief). Defendants contend that this action should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because the Court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(b)(ii) and under the Administrative Procedures Act ("APA"), and that plaintiffs cannot meet the strict requirements for mandamus relief. For the reasons set forth below, the Court denies defendants' motion to dismiss.

## II. DISCUSSION

**A.    Background**

Plaintiffs Guoping Ma and Siyuan Liu (hereinafter "plaintiffs"), husband and wife, and

ORDER DENYING
MOTION TO DISMISS

citizens of the People's Republic of China, seek adjudication of their pending Form I-485 Applications for Adjustment of Status so that they may adjust their U.S. immigration status to that of Lawful Permanent Residents (LPR or "green card" holders). Plaintiffs filed their I-485 forms with United States Citizen Immigration Services ("USCIS") Nebraska Service Center on December 30, 2004. See Dkt. #7-3 (Heinauer Decl.) at ¶¶2-3. USCIS transmitted their applications for adjustment of status to the FBI on or about February 4, 2005, requesting that the FBI perform a "name check" investigation. See Dkt. #7-2 (Cannon Decl.) at ¶22. The name check has not been completed by the FBI, thus plaintiffs' applications remain pending. Id.

**B.    Analysis**

In a separate action in this judicial district styled Huang v. Gonzales, et al., Case No. C07-0096RSM, the Honorable Ricardo S. Martinez analyzed the same legal arguments that defendants raise here in their motion to dismiss. See Dkt. #9 in C07-0096RSM (Order Denying Motion to Dismiss) (filed May 2, 2007); Huang v. Gonzales, 2007 U.S. Dist. Lexis 32276, at *1 (W.D. Wash. May 2, 2007). In the interest of judicial economy, this Court adopts the well-reasoned opinion of Judge Martinez, and for the convenience of the parties and for clarity in the record, the Court reiterates the legal analysis below.[1]

**1.    Standards for Motion to Dismiss**

**a.    Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rule of Civil Procedure addresses the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of

---

[1] In their reply, defendants acknowledge the Huang v. Gonzales decision, but the "Governments [sic] asks the Court to reject the arguments made in the Huang Order and grants [sic] its Motion" because the Order "did not address the vast majority of decisions cited in this reply memorandum." See Reply at 2 n.1. In their reply, defendants rely primarily on Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006), which is addressed in this order. The Court does not find persuasive the other unpublished and out-of-circuit cases cited in defendants' reply and their supplemental submission of authority in support of their motion to dismiss. See Dkt. #10.

ORDER DENYING
MOTION TO DISMISS                    -2-

limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). They possess only that power authorized by United States Constitution and statute, which is not to be expanded by judicial decree. Id. The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. Id. When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

### b.     Rule 12(b)(6) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) seeks dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court must dismiss a complaint if plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. See Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal., 159 F.3d 1178, 1181 (9th Cir. 1998). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Associated Gen. Contractors, 159 F.3d at 1181.

In the instant case, defendants have presented matters outside the pleadings for the Court's consideration. Typically, if the Court were to consider such matters, the motion would be converted to a Rule 56 motion for summary judgment. However, defendants' motion to dismiss rests solely on questions of law regarding this Court's jurisdiction. Accordingly, the court need not address the factual matters raised by defendants, as the question of whether the delay in adjudication of plaintiff's application has been reasonable is best left for another day. The Court considers this motion solely as a facial attack on jurisdiction under Rule 12(b)(1) and

ORDER DENYING
MOTION TO DISMISS                    -3-

(b)(6).

### 2.   Section 1252(a)(2)(B)(ii)

Defendants primarily argue that this Court lacks jurisdiction over plaintiffs' claims because the remedy plaintiffs seek – that USCIS adjudicate the pending applications for adjustment of status – is an action solely within the discretion of USCIS. In support of their position, defendants rely on 8 U.S.C. § 1252(a)(2)(B)(ii), which provides:

> Notwithstanding any other provision of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS § § 1151 *et seq.*] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8 USCS § 1158(a)].

Defendants argue that because the Immigration and Nationality Act ("INA") specifically grants the Attorney General the discretionary authority to act with regard to the process by which aliens may adjust status, and because the INA contains no legal standards that impinge on that discretion as to when adjudications should take place, this Court is necessarily precluded from exercising jurisdiction. This Court is not persuaded.

The Ninth Circuit Court of Appeals gives particular guidance on this issue. In Spencer Enters., Inc. v. United States, 345 F.3d 683 (9th Cir. 2003), the court explained that when enacting 8 U.S.C. § 1252(a)(2)(B)(ii), Congress did not intend to withdraw jurisdiction over all discretionary decisions. Instead, the Court focused on the statutory words "the authority for which is specified," and held that on a request to review an apparently discretionary decision, the court must determine whether any statute specifies the particular authority at issue, and then whether that authority is wholly discretionary. Spencer, 345 F.3d at 689-90. In Spencer, because the authority to issue a visa under the immigrant investor program was not specified by any statute to be discretionary, the court found the agency's decision to deny the visa to be reviewable. Spencer, 345 F.3d at 691; see also Alaka v. Attorney General of the United States, 456 F.3d 88, 96 (3d Cir. 2006) (following Spencer, and interpreting 8 U.S.C. § 1252(a)(2)(B)(ii)

ORDER DENYING
MOTION TO DISMISS                                  -4-

the same way). With that guidance, the Court does not find adjudication of applications for adjustment of status to be completely outside its jurisdiction.

First, nothing in the INA addresses, much less specifies, any discretion associated with the pace of adjudication. "Although the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required by the jurisdiction-stripping language of the IIRIRA." Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697, at *7 (W.D. Penn. Feb. 23, 2007); see also Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203, at *12 (E.D. Penn. Apr. 12, 2007) (finding that defendants' failure to adjudicate an application for adjustment of status was not a discretionary decision); Loo v. Ridge, 2007 U.S. Dist. 17822, at *9 (E.D.N.Y. March 14, 2007) (noting that adjudicating an adjustment of status application is not at the discretion of defendants because defendants are required to do so); Yu v. Brown, 36 F. Supp. 2d 922, 931-32 (D.N.M. 1999) (holding that the INS owes plaintiff a duty to process her application for a change of status to permanent resident). Interestingly, defendants have conceded as much in actions before other districts in the Ninth Circuit. See Singh v. Still, 470 F. Supp.2d 1064, 1068 (N.D. Cal. 2007) (noting that defendants had conceded that they have a mandatory duty to act on adjustment applications).

Further, the Court is not persuaded by defendants' reliance on Safadi v. Howard. In that case, the United States District Court for the Eastern District of Virginia found that Congress had vested the Secretary of Homeland Security with complete discretion over the process of adjudicating I-485 applications, including the process of reviewing the applications and the pace at which that process proceeds. 466 F. Supp. 2d 696, 697 (E.D. Va. 2006). The Safadi court framed the issue as whether the term "action," as used in 8 U.S.C. § 1252(a)(2)(B)(ii), encompassed the pace at which USCIS processes adjustment applications, and the held that it did. Id. at 699. However, the court then expressly stated that its decision did not address the existence of jurisdiction in the case of a refusal to process an application, or in the case where a

ORDER DENYING
MOTION TO DISMISS                     -5-

delay was so unreasonable as to constitute a refusal.  Id. at 700.  As the United States District Court for the Western District of Pennsylvania has pointed out, such a disclaimer "raises the question of how an unreasonable delay might not qualify as 'action' . . . while a reasonable delay unambiguously does constitute 'action'" which "would render toothless all timing restraints[.]"  Duan, 2007 U.S. Dist. LEXIS 12697, at *9.  Accordingly, this Court also finds that section 1252(a)(2)(B)(ii) does not divest the Court of jurisdiction over plaintiffs' claims.

### 3. Subject Matter Jurisdiction

Although this Court has determined that IIRIRA does not bar it from determining plaintiffs' claims, the Court must still determine whether there is subject matter jurisdiction to do so.  In their complaint, plaintiffs allege that this Court has jurisdiction over their claims under the Administrative Procedure Act, as well as pursuant to the mandamus statute, 28 U.S.C. § 1361.  See Dkt. #1 at 4.  Numerous courts have debated the proper basis for jurisdiction over cases of this nature.  Singh, 470 F. Supp. 2d at 1066 n.5.  Some have determined that the mandamus statute provides a jurisdictional basis.  Id.  Others have determined that there is no jurisdiction under the mandamus statute, but that section 1331 and the APA provide adequate jurisdictional bases.  Id.  Here the Court examines both bases, as defendants argue that nothing provides proper jurisdiction in this Court.[2]

In order to obtain mandamus relief, plaintiffs must show that "(1) [their] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).  Defendant argues that plaintiffs' right to adjudication is not "clear or certain" and defendants' actions are discretionary rather than ministerial.  As noted above, this Court finds that plaintiffs have a right to the adjudication of their adjustment applications and defendants' actions in that respect are not wholly discretionary.  Many federal district courts

---

[2] Again, interestingly, defendants have conceded in other cases that mandamus relief is possible so long as the requirements are met.  Singh, 470 F. Supp. 2d at 1066 n.5.

ORDER DENYING
MOTION TO DISMISS                          -6-

agree that this non-discretionary duty to process or adjudicate an adjustment application supports a mandamus action. See, e.g., Song, 2007 U.S. Dist. 27203, at *10-11; Duan, 2007 U.S. Dist. LEXIS 12697, at *11; Razaq v. Poulos, 2007 U.S. Dist. LEXIS 770, at *4 (N.D. Cal. Jan. 8, 2007); Haidari v. Frazier, 2006 U.S. Dist. LEXIS 89177, at *10-11 (D. Minn. Dec. 8, 2006); Valenzuela v. Kehl, 2006 U.S. Dist. LEXIS 61054, at *19-20 (N.D. Tex. Aug. 23, 2006); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076, at *4 (N.D. Cal. Oct. 24, 2006); Elkhatib v. Bulter, 2005 U.S. Dist. LEXIS 22858, at *4 (S.D. Fla. June 6, 2005); Yu, 36 F. Supp. 2d at 928; Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999).[3] The Court finds the weight of this authority persuasive.

Further, the Court is persuaded that jurisdiction exists under 28 U.S.C. § 1331 and section 706 of the APA. For relief pursuant to § 1331 and the APA, plaintiffs must demonstrate that defendants unreasonably delayed processing their applications. See 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); see also id. § 706(1) (providing that courts shall "compel agency action unlawfully withheld or unreasonably delayed"). The APA includes "failure to act" in its definition of "agency action." Id. at § 551(13). However, the APA does not entitle a party to judicial review if the action in question is discretionary. Id. at § 701(a)(2).

In this case, defendants essentially argue that the discretionary nature of adjudication of the applications at issue precludes jurisdiction under the APA, and that because no statutes or regulations provide a meaningful standard against which to measure the adjudicatory process, judicial review is unavailable. For the reasons set forth above, the Court rejects defendants'

---

[3] But see Li v. Chertoff, 2007 U.S. Dist. LEXIS 29776, at *10-13 (S.D. Cal. Apr. 2, 2007) (suggesting that mandamus jurisdiction does not exist, but holding that it need not determine whether jurisdiction actually exists because petition fails on the merits). The Court does not reach the merits of the instant case; therefore, Li provides no guidance on this motion.

ORDER DENYING
MOTION TO DISMISS                    -7-

argument that their discretion precludes jurisdiction.  Likewise, as federal courts routinely assess the "reasonableness" of the pace of agency action under the APA, this Court believes there is a meaningful standard against which to judge defendants' action, or lack thereof.  See Forest Guardians v. Babbitt, 174 F.3d 1178, 1190 (10th Cir. 1998) (explaining that "when an agency is required to act -- either by organic statute or by the APA -- within [a] . . . reasonable time, § 706 leaves in the courts the discretion to decide whether agency delay is unreasonable.").  Accordingly, this Court agrees that jurisdiction is proper under the APA and 28 U.S.C. § 1331 to compel USCIS to adjudicate an application for adjustment to permanent status.  See Song, 2007 U.S. Dist. 27203, at *14; Duan, 2007 U.S. Dist. 12697, at *13;  Zemin Hu v. Reno, 2000 U.S. Dist. LEXIS 5030, at *9-10 (N.D. Tex. Apr. 18, 2000) (collecting cases also in agreement).

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES defendants' "Motion to Dismiss" (Dkt. #7).

DATED this 5th day of June, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO DISMISS                                    -8-